HILLS *v.* MOONEY—MOONEY *v.* HILLS.

A suit for the recision of a sale, on the ground that the vendor promised to release existing mortgages before the payment of the first note, cannot be sustained where the vendor had made no offer to pay the first note, and where there is no evidence of what the mortgages are, of which he complains.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *T. Wharton Collens*, for *Mooney*. *E. L. Goold*, for *Hills*. By the court:

EUSTIS, C. J. On the 16th of April, 1851, the plaintiff sold to the defendant two lots of ground in the city of New Orleans, for $2200, of which five hundred and fifty dollars were paid cash, and for the balance the defendant gave his two notes for $825 each, payable in twelve and eighteen months.

The certificate of mortgages was dispensed with in the act of sale, and the defendant took from the plaintiff's agent an agreement, under private signature, to furnish the defendant a clear certificate from the recorder of mortgages for this

---

*Preston, J.*, did not sit in this case.

parish, stating that there are no mortgages recorded against the lots sold; said certificate to be furnished prior to the payment of the note, say twelve months from the 16th of April, 1850. The plaintiff reserved a mortgage on the lots, and what other mortgages affected them, is not made to appear.

The clear certificate was not furnished the defendant until the 21st of November, 1851, after an order of seizure and sale had been issued on the plaintiff's mortgage, which was enjoined at the instance of the defendant.

In the petition for the injunction, the defendant claims to have the sale rescinded, on the ground that the certificate was not furnished within the time stipulated, &c.

The district judge decreed the recision of the sale, and the recovery, by the defendant, of the cash and notes. The plaintiff has appealed.

The defendant bought property, and gave his notes for it, when he knew it was mortgaged, under a private agreement on the part of the vendor to raise the mortgage prior to the payment of the first note. The words, " say twelve months from the 16th April, 1851," do not materially affect the sense of those which precede it. He has never paid, or offered to pay, the first note. We have no evidence whatever, as to what the mortgages were of which the defendant complains. Under these facts, we see no ground for the rescision of the sale. *Denis* v. *Clague's Syndics*, 7 Mart. N. S. 97. *Peiree* v. *McMahan et al*. 15 L. R. 218.

This case was tried under an agreement as to the pleadings, which it is not necessary to recite. Acting on this agreement, we can only give this judgment:

It is therefore decreed, that the judgment of the district court be reversed, and that the plaintiff's petition be dismissed with costs, the defendant paying the costs of this appeal; and that the right of the plaintiff to recover the unpaid balance of the price of the lots, be reserved.